IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JAMES BUECHLER,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-3280 |
| **YOUR WINE & SPIRIT SHOPPE, INC.,** | * | |
| Defendants | * | |

* * * * * * * * * * * *

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff James Buechler's motion for reconsideration (ECF No. 12) of the Court's order of March 2, 2012 (ECF No. 11), which granted summary judgment for Defendant, Your Wine & Spirit Shoppe, Inc. ("YWWS"). The Court has considered YWWS's opposition (ECF No. 13) and Buechler's reply (ECF No. 14). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be denied.

As the Fourth Circuit has pointed out, "The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). Buechler has brought his motion pursuant to Rule 59(e) by claiming the Court's judgment was a clear error of law. (Pl.'s Mot. 2.) The Fourth Circuit has iterated the standard for consideration of a Rule 59(e) motion to alter or amend a judgment:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a

> clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Buechler has claimed only the third alternative as the basis for his motion, i.e., to correct a clear error of law.

The first ground for Buechler's motion is his assertion that YWWS's motion to dismiss or, in the alternative, motion for summary judgment (ECF No. 4) was mooted by Buechler's filing of an amended complaint (ECF No. 6). As noted in the Court's March 2 order, the only ground stated in YWWS's motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) was Buechler's failure to name the correct legal entity in his complaint, and this objection was resolved by the filing of the amended complaint; thus, in treating the motion as one seeking to dismiss for failure to state a claim, the Court appropriately denied the motion as moot. This is in keeping with the established precept that an amended pleading ordinarily supersedes an earlier pleading and renders it of no further legal effect. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001).

However, the motion was not limited to Rule 12(b)(6). It was also brought under Rule 56, seeking summary judgment. And YWWS's motion for summary judgment was not mooted by Buechler's amended complaint because such a motion is not directed at the adequacy of a complaint's allegations but is instead focused on the merits of the substantive claim. This is explained in a popular treatise:

> [A]lthough a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted addresses itself to the claim itself, the movant merely is asserting that the pleading to which the motion is directed does not sufficiently state a claim for relief.  Unless the motion is converted into one for summary judgment as permitted by the last sentence in Rule 12(b), it does not challenge the actual existence of a meritorious claim.

10A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2713, at 221 (3d ed. 1998) (footnote omitted).  Contrarily, a "motion for summary judgment challenges the very existence or legal sufficiency of the claim or defense to which it is addressed." *Id.* § 2711, at 191.

Buechler cites two district court cases in which a motion to dismiss or, in the alternative, for summary judgment was denied as moot following the filing of an amended complaint.  *See Turner v. Kight*, 192 F. Supp. 2d 391 (D. Md. 2002), *aff'd*, 121 F. App'x 9 (4th Cir. 2005); *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v. Minneapolis Park & Recreation Bd.*, Civ. No. 10-2579 JRT JJG, 2011 WL 1300381 (D. Minn. Apr. 4, 2011).  Those cases are unpersuasive.  In the *Turner* case, the court was faced with two sets of motions to dismiss or, in the alternative, for summary judgment.  One set was filed in response to the original complaint.  Then, the amended complaint was filed and responded to the arguments made in the first set of motions.  Another set of motions was filed after the amended complaint was filed.  The first set was denied as moot.  The opinion does not explain why filing of the amended complaint mooted the motions for summary judgment.  It only recites the well-established principle that an amended pleading supersedes a prior version of the same pleading.  192 F. Supp. 2d at 392.  It may be that since the Court had before it a viable second set of motions, it was easier to deny the first set as moot and address the second set.

In the *GLBT Pride* case, the court cited the *Turner* case for the proposition that a motion for summary judgment on an original complaint is moot as a matter of law when an amended complaint has been filed.  2011 WL 1300381, at *2.  But it is also noted that the amended

complaint in that case removed any references to the particular defendant who had filed the motion for summary judgment. *Id.* at *1-2. Thus, as to him, no case or controversy existed, and he was dismissed from the lawsuit. Neither the *Turner* case nor the *GLBT Pride* case provides a basis for reaching the conclusion that Buechler's amended complaint mooted YWWS's motion for summary judgment.

One further point as to the propriety of ruling on the motion for summary judgment deserves comment. Buechler argues that since, in his view, YWWS's motion became moot, the Court should have denied it without prejudice to refile. (Pl.'s Supp. Mem. 3.) Even if the motion were only a motion to dismiss, Wright's *Federal Practice* states:

> [D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. *To hold otherwise would be to exalt form over substance*.

6 Wright *et al.*, § 1476, at 638 (2010 ed.) (emphasis added). Buechler's suggested course of action would be a useless exercise and contrary to the notion of judicial economy. The Court properly addressed the motion for summary judgment on its merits.

Buechler's second ground for vacating the Court's judgment is that YWWS "failed to support its motion with affidavit evidence or other similar evidence." (Pl.'s Supp. Mem. 6.) He further faults the Court because it "appears to have relied on certain allegation from the Amended Complaint that support the Defendant's position to establish that the materials [sic] facts were not in dispute, while at the same time rejecting other allegations that, if proven, would establish that . . . 15 U.S.C. § 1693m(e) does not apply in this case." (*Id.*) Buechler's argument distorts what happened in this case. No material facts were in dispute. Because the factual allegations of Buechler's complaint pertaining to the defense of § 1693m(e) were not disputed by YWWS—as opposed to the complaint's legal conclusions or its claim for relief—it was

appropriate to reach the issues of law. Buechler has failed to point out any facts regarded as undisputed in the Court's memorandum opinion that should have been deemed disputed, and the Court will not speculate as to where Buechler's disagreement lies. Moreover, the amended complaint had attached to it as exhibits the correspondence regarding the refund of the $2.00 ATM fee. The Court rightly accepted these exhibits as evidence before it in deciding the case since they were undisputed as authentic. Finally, and as the Court noted in its opinion, Buechler presented *no* evidence as to any actual damages beyond the $2.00 fee that was refunded to him. Yet, Buechler faults YWWS because it did not produce admissible evidence establishing the amount of actual damages he claims to have suffered, besides the $2.00 fee. (*Id.* 7.) Since the only evidence of actual damage before the Court was the $2.00 fee, and since any other evidence of actual damage was not shared with the Court but kept exclusively within Buechler's possession, it makes no sense to fault YWWS for not producing it. The Court notes that, belatedly, Buechler provided as an attachment to the instant motion his affidavit stating he spent $5.40 in postage; in addition, he states he "spent approximately one hour organizing the materials, drafting correspondence to [his] attorney, photocopying the materials, and mailing them to [his] attorney." (Pl.'s Mot., Ex. 2, Buechler Aff. ¶¶ 3 & 4.) He provides no legitimate justification why he did not provide this affidavit in his opposition to the motion for summary judgment. The Court finds no basis in it for vacating its judgment.[1]

Last, Buechler argues that the Court erred because it required him "to disprove an element of the affirmative defense." (Pl.'s Supp. Mem. 8.) This is essentially the same point addressed by the Court in response to his second asserted ground for relief. At no point did the Court place upon Buechler a burden of proof with regard to YWWS's affirmative defense. Had

---

[1] Presumably, Buechler did not charge himself for his time, so it is unclear how his one hour of time is an item of damage, but it is unnecessary to reach that issue.

other evidence existed as to actual damages and been presented to the Court, then this case would have been in a different posture. But no such evidence existed as far as the Court was concerned. And the Court regards as specious Buechler's assertion that the Court "should have provided the Plaintiff the opportunity to provide an affidavit addressing the actual damages incurred" (*id.*), which implies the Court denied him the opportunity to do so. This case was before the Court on a motion for summary judgment, and Buechler had an opportunity that he did not take to present evidence to the Court. He was never denied an opportunity to present any evidence he deemed worthy of the Court's consideration.

Buechler's motion is without merit and is, therefore, DENIED.

DATED this 12th day of April, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge